Sweetser *v.* Kenney.

A default was entered, which is to stand if that rejection was rightful.

*W. P. Fessenden*, for defendants, cited *Sawyer* v. *Mason*, 19 Maine, 49; *Shaw* v. *Laughton*, 20 Maine, 268.

*Fox*, for plaintiff.

## SWEETSER *versus* KENNEY.

When an action, brought into this court by exceptions from the District Court, is dismissed because irregularly brought here, no cost is allowed, unless the case be such, that the dismissal of it puts an end to the whole controversy. When an action, thus dismissed, is to go back to the District Court for further proceedings, neither party can claim costs, for neither party has finally prevailed.

EXCEPTIONS from the decision of the District Court, in a case, which had been submitted to referees, and in which they had made an award.

The exceptions did not show that the award had been finally acted upon in the District Court, either by an acceptance or a rejection of it.

This court declined to hear evidence on that point, and dismissed the exceptions for want of jurisdiction.

*Butler* then moved for costs against the excepting party, and cited 8 Metc. 343.

SHEPLEY, C. J. — In the case cited from Metcalf, the decision put an end to the whole controversy, so that it was known which party had finally prevailed. And that party, under the statute, as *the prevailing party*, was entitled to

costs. In this case neither party has finally prevailed. The suit is not terminated ; it is, in effect, merely remitted to the District Court for further proceedings. How could costs be taxed ? From the commencement of the suit ? That is not pretended. And there is no rule for taxing by parts. Neither party has yet prevailed, and no costs, in this stage of the case, can be allowed.